UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
GLADYS JACOBS,

                        Plaintiff,                        **MEMORANDUM AND ORDER**
                                                    22-CV-5903 (LDH) (LB)

        -against-

SURROGATE'S COURT, QUEENS COUNTY
AND KINGS COUNTY; GERARD J. SWEENEY;
LOIS M. ROSENBLATT; PETER J. KELLY;
DIANA A. JOHNSON; BARRY SIMON;
DOROTHY JACOBS MOORE; JOHN W.
STEIGLER; ERIC T. SCHNEIDERMAN;
JUDGE INGRAM; JUDGE HARRIET THOMPSON;
IRVING SINGER; KELVIN FINN,

                        Defendants.

---------------------------------------------------------x
LaShann DeArcy Hall, United States District Judge,

        Plaintiff Gladys Jacobs, appearing pro se, brings this action against Defendants Queens

County Surrogate's Court, Kings County Surrogate's Court, Gerard J. Sweeney, Lois M.

Rosenblatt, Peter J. Kelly, Diana A. Johnson, Barry Simon, Dorothy Jacobs Moore, John W.

Steigler, Eric T. Schneiderman, Judge Ingram, Harriet Thompson, Irving Singer, and Kelvin Finn

("Defendants") alleging violations of federal anti-discrimination and civil rights laws in

connection with the probate of her late brother's estate.  (*See* Compl., ECF No. 1.)  Plaintiff's

request to proceed *in forma pauperis* is granted pursuant to 28 U.S.C. § 1915.  For the reasons

set forth below, the complaint is dismissed.

## BACKGROUND

        Plaintiff alleges that Defendants took nine years to settle her brother Willie Jacobs'

estate, and that Defendants sold her brother's properties without her family's consent.  (Compl.

at 6.)  Plaintiff further alleges that Defendants refused to provide information to her family about

Jacobs' estate and took properties that were worth millions of dollars, along with millions of dollars in rent and a pension worth millions of dollars. (*Id*.) Plaintiff seeks monetary damages. *Id.*

## STANDARD OF REVIEW

A complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the alleged facts allow the court to draw a "reasonable inference" of a defendant's liability for the alleged misconduct. *Iqbal*, 556 U.S. at 678. While this standard requires more than a "sheer possibility" of a defendant's liability, *id*., "[i]t is not the [c]ourt's function to weigh the evidence that might be presented at trial" on a motion to dismiss. *Morris v. Northrop Grumman Corp.*, 37 F. Supp. 2d 556, 565 (E.D.N.Y. 1999). Instead, "the [c]ourt must merely determine whether the complaint itself is legally sufficient, and in doing so, it is well settled that the [c]ourt must accept the factual allegations of the complaint as true." *Id*. (internal citation omitted).

Moreover, where, as here, a plaintiff is proceeding *pro se*, their pleadings "must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)). A *pro se* complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Boykin v. KeyCorp*, 521 F.3d 202, 213–14 (2d Cir. 2008) (quoting *Erickson v. Pardus*, 55 U.S. 89, 94 (2007) (per curiam)). This is "particularly so when the *pro se* plaintiff alleges that [their] civil rights have been violated." *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008). Still, "even *pro se* plaintiffs asserting civil right claims cannot withstand a motion to dismiss unless

their pleadings contain factual allegations sufficient to raise a 'right to relief above the speculative level.'" *Jackson v. NYS Dep't of Labor*, 709 F. Supp. 2d 218, 224 (S.D.N.Y. 2010) (quoting *Twombly*, 550 U.S. at 555)).

Nonetheless, a district court may dismiss a *pro se* action *sua sponte*, even if the plaintiff has paid the Court's filing fee, if it determines that the action is frivolous or that the Court lacks subject matter jurisdiction. *See Fitzgerald v. First East Seventh Street Tenants Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000) (affirming *sua sponte* dismissal of frivolous *pro se* complaint where *pro se* plaintiff had paid the required filing fee). An action is frivolous when "either (1) 'the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy;' or (2) 'the claim is based on an indisputably meritless legal theory.'" *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (quoting *Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam)). A finding of frivolousness is appropriate "when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

## DISCUSSION

### I.     Subject Matter Jurisdiction

A plaintiff seeking to bring a lawsuit in federal court must establish that the court has subject matter jurisdiction over the action. If the court determines at any time that it lacks subject matter jurisdiction, it must dismiss the action. Fed. R. Civ. P. 12(h)(3); *accord. Yong Qin Luo v. Mikel,* 625 F.3d 772, 775 (2d Cir. 2010); *see also Chestnut v. Wells Fargo Bank, N.A.*, No. 11-cv-5369, 2012 WL 1657362, at *3 (E.D.N.Y. May 7, 2012) ("Notwithstanding the liberal pleading standard afforded pro se litigants, federal courts are courts of limited jurisdiction and

may not preside over cases if subject matter jurisdiction is lacking."). A lack of subject matter jurisdiction "is not waivable and may be raised at any time by a party or by the court sua sponte. If subject matter jurisdiction is lacking, the action must be dismissed." *Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 700-01 (2d Cir. 2000) (citations omitted).

Federal subject matter jurisdiction is available only when a "federal question" is presented, 28 U.S.C. § 1331, or when plaintiffs and defendants have complete diversity of citizenship and the amount in controversy exceeds $75,000, 28 U.S.C. § 1332. The plaintiff bears the burden of establishing either type of subject matter jurisdiction. *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). Federal question jurisdiction exists where a plaintiff's cause of action is based on a violation of federal law or where "the well-pleaded complaint necessarily depends on resolution of a substantial question of federal law." *Bracey v. Bd. of Educ. of City of Bridgeport*, 368 F.3d 108, 113 (2d Cir. 2004) (internal quotation marks omitted).

Here, Plaintiff asserts that this Court has federal question jurisdiction under 28 U.S.C. § 1331 because "[eleven] poor black families were disadvantage[d] [] by these [D[efendants" and because Defendants violated "[t]he federal anti-discrimination and civil rights laws that protect against racial, age[,] gender, and disability discrimination." (Compl. at 5.) However, even liberally construing Plaintiff's claims, Plaintiff does not set forth any facts to support a claim that she was discriminated against based on race, age, gender, or disability, or that her claims arise under federal law or depend on resolution of questions of federal law.

Moreover, Plaintiff does not establish diversity jurisdiction under 28 U.S.C. § 1332 because Plaintiff and Defendants are all citizens of New York. (*See* Compl. at 1-4.) "A case falls within the federal district court's diversity jurisdiction only if diversity of citizenship among the parties is complete, [as in], only if there is no plaintiff and no defendant who are citizens of

4

the same state." *See Wisconsin Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998).  Thus, Plaintiff has not raised any issue arising under federal law or any other basis for this Court's subject matter jurisdiction.

## II.    The Probate Exception

Furthermore, even if Plaintiff had alleged diversity jurisdiction, "[t]he 'probate exception' is a historical aspect of federal jurisdiction that holds [that] 'probate matters' are excepted from the scope of federal diversity jurisdiction." *Lefkowitz v. Bank of N.Y.*, 528 F.3d 102, 105 (2d Cir. 2007).  "[T]he probate exception reserves to state probate courts the probate or annulment of a will and the administration of a decedent's estate; it also precludes federal courts from disposing of property that is in the custody of a state probate court." *Marshall v. Marshall*, 547 U.S. 293, 311-12 (2006).  It does not, however, "bar federal courts from adjudicating matters outside those confines and otherwise within federal jurisdiction." *Id.* at 312.  A federal court should decline subject matter jurisdiction under the probate exception if a plaintiff seeks to: (1) administer an estate, probate a will, or accomplish any other purely probate matter; or (2) reach a *res* in the custody of a state court. *Lefkowitz*, 528 F.3d at 106 (citing *Marshall*, 547 U.S at 312). Here, to the extent that Plaintiff seeks the assets of her brother's estate, Plaintiff's claims fall within, and are barred by, the probate exception. *See Pelczar v. Pelczar*, 833 Fed App'x 872, 875 (2d Cir. 2020).

## III.    Sovereign Immunity

Plaintiff's claims against Queens County and Kings County Surrogate's Courts must also be dismissed because, as an agency of the State of New York, the Surrogate's Courts are entitled to immunity under the Eleventh Amendment. *Gollomp v. Spitzer*, 568 F.3d 355, 366–68 (2d Cir. 2009) (finding that "the New York State Unified Court System is unquestionably an 'arm of the

State,' and is entitled to Eleventh Amendment sovereign immunity"); *McKeown v. N.Y. State Comm'n on Judicial Conduct*, 377 Fed. App'x. 121, 122–23 (2d Cir. May 18, 2010) (summary order) (noting that state courts, as arms of the State, are immunized from suit); *see also* N.Y. CONST. art. 6, § 1 (establishing the unified court system).  Because the New York State Unified Court System is entitled to Eleventh Amendment sovereign immunity, this complaint against the Queens County Surrogate's Court and the Kings County Surrogate's Court is dismissed because it seeks monetary relief from an entity that is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).

### IV.    Judicial Immunity

Plaintiff's claims against Judge Peter J. Kelly, Judge Diana A. Johnson, Judge Ingram, and Judge Harriet Thompson (the "Judicial Defendants") are also dismissed because judges have absolute immunity for acts performed in their judicial capacities.  *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (*per curiam*) ("[J]udicial immunity is an immunity from suit, not just from the ultimate assessment of damages.") (citation omitted); *Bliven v. Hunt*, 579 F.3d 204, 209 (2d Cir. 2009) ("It is well settled that judges generally have absolute immunity from suits for money damages for their judicial actions.").  Construed liberally, Plaintiff's claims against the Judicial Defendants arise, from their alleged actions and rulings during the Surrogate's Court proceedings.  (*See* Compl. at 6.)  Plaintiff fails to allege any facts showing that, in taking any such actions and making any such rulings, the Judicial Defendants acted beyond the scope of their judicial responsibilities or outside their jurisdiction.  *See Mireles*, 509 U.S. at 11–12.  Therefore, Plaintiff's claims against the Judicial Defendants are barred by absolute immunity and deemed frivolous.  *See Montero v. Travis*, 171 F.3d 757, 760 (2d Cir. 1999) ("A complaint will be dismissed as 'frivolous' when 'it is clear that the defendants are immune from suit.'" (*quoting Neitzke v. Williams*, 490 U.S. 319, 327 (1989))).

Moreover, to the extent Plaintiff asserts claims against the Judicial Defendants in their individual capacities seeking injunctive relief rather than damages, the complaint must also be dismissed.  In 1996, Congress enacted the Federal Courts Improvement Act of 1996, Pub. L. No. 104-317, 110 Stat. 3847 (1996), amending 42 U.S.C. § 1983 to provide that in "any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated, or declaratory relief was unavailable."  *See* 42 U.S.C. § 1983.  The complaint does not allege that a declaratory decree was violated or allege facts suggesting that declaratory relief was unavailable. In any event, "declaratory relief against a judge for actions taken within his or her judicial capacity is ordinarily available by appealing the judge's order." *Caldwell v. Pesce*, 83 F. Supp. 3d 472, 484 (E.D.N.Y. 2015), *aff'd,* 639 F. App'x 38 (2d Cir. 2016) (citing *Ashmore v. Prus,* No. 13–CV– 2796, 2013 WL 3149458, at *4 (E.D.N.Y. June 19, 2013)).  Because Plaintiff has not alleged a violation of a judicial decree or that declaratory relief was unavailable, her claims against the Judicial Defendants must be dismissed.  28 U.S.C. § 1915(e)(2)(B).

## CONCLUSION

Accordingly, Plaintiff's complaint is dismissed without prejudice. Fed. R. Civ. P. 12(h)(3); 28 U.S.C. § 1915(e)(2)(B)(iii).  The Court declines to grant leave to amend as it finds that amendment would be futile.  *Hill v. Curcione*, 657 F.3d 116, 123 (2d Cir. 2011) (affirming district court decision to dismiss *pro se* complaint without leave to amend where amendment would be futile).

The Clerk of Court is directed to enter judgment, close this case, and mail a copy of this Memorandum and Order to Plaintiff.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 269 U.S. 438, 444-45 (1962).


SO ORDERED.


/s/ LDH_____
LaShann DeArcy Hall
United States District Judge


Dated: Brooklyn, New York
       April 24, 2025